## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE** | § | **CIVIL ACTION NO. 4:20-CV-02606** |
| **INSURANCE COMPANY and STATE** | § | |
| **FARM COUNTY MUTUAL INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| **COMPLETE PAIN SOLUTIONS LLC** | § | |
| **n/k/a/ COMPLETE PAIN SOLUTIONS** | § | |
| **PLLC; ALJ FLORENCE SPARROW, M.D.;** | § | |
| **SEE LOONG CHIN, M.D.; and** | § | |
| **MMRI HOLDCO LLC n/k/a MRI** | § | |
| **HOLDCO ROLLOVER, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT SEE LOONG CHIN, M.D.'S
## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant See Loong Chin, M.D., (hereinafter Dr. Chin or "Defendant")

to file his Answer and Affirmative Defenses in response to the Plaintiffs' Complaint by Plaintiffs

State Farm Mutual Auto Insurance Company and State Farm County Mutual Insurance Company

of Texas (hereinafter "State Farm," or " Plaintiffs"). In response, Dr. Chin responds as follows:

### I.   NATURE OF THE ACTION

1.     Dr. Chin denies the allegations in Paragraph 1 of the Complaint.

2.     Dr. Chin denies the allegations in Paragraph 2 of the Complaint.

3.     Dr. Chin is without information sufficient to admit or deny the allegations and

therefore denies them.

4.     Dr. Chin denies the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 contains legal conclusions. To the extent a response is required, it is denied.

6.      Paragraph 6 contains legal conclusions. To the extent a response is required, it is denied.

7.      Dr. Chin denies the allegations in Paragraph 7 of the Complaint.

8.      Dr. Chin denies the allegations in Paragraph 8 of the Complaint.

9.      Dr. Chin denies the allegations in Paragraph 9 of the Complaint.

10.      Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 10 of the Complaint.

11.      Dr. Chin denies the allegations in Paragraph 11 of the Complaint.

12.      Dr. Chin denies that State Farm is entitled to any of the damages sought and to the extent that Paragraph 12 contains allegations against Dr. Chin, he denies them.

## II.   JURISDICTION AND VENUE

13.      Dr. Chin admits that this Court has jurisdiction over claims brought pursuant to 18 U.S.C. § 1961 *et seq.* but denies that State Farm has alleged any such claims against him.

14.      Dr. Chin denies this Court should have jurisdiction over the single state law claim alleged against him, because State Farm has failed to allege a claim under 18 U.S.C. §1961 *et seq.* upon which relief can be had, and there is no independent basis for this Court to exercise jurisdiction over the money-had-and-received claim alleged against Dr. Chin.

15.      Admit.

## III. THE PARTIES

A.  Plaintiffs

16.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

17.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them

B.  Defendants

18.     Dr. Chin is without sufficient information to admit or deny the averments in Paragraph 18 of the Complaint regarding the residence and licensure of Defendant Alj Florence Sparrow, M.D., or Dr. Sparrow's work at Complete Pain, and therefore denies them. Dr. Chin denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Dr. Chin admits that he is a resident of the State of Texas and that he is licensed to practice medicine in Texas. Dr. Chin has insufficient information to admit or deny the allegations in the second sentence; therefore, he denies the allegations. Dr. Chin denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Dr. Chin is without sufficient information to admit or deny the averments in Paragraph 20 directed to Defendant Complete Pain and therefore denies them. To the extent Paragraph 20 contains allegations against Dr. Chin, Dr. Chin denies them.

21.     Dr. Chin is without sufficient information to admit or deny the averments in Paragraph 21 directed to Defendant MMRI Holdco and therefore denies them. Dr. Chin denies the remaining allegations of Paragraph 21.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

A.  The Legitimate Diagnosis and Treatment of Neck and Back Pain.

22.     Dr. Chin admits the averments of Paragraph 22 of the Complaint to the extent a history and examination are performed. He admits that an appropriate diagnosis for the presenting complaint is made and a treatment plan is implemented.

23.     Dr. Chin admits that the treatment of patients is individualized, but denies the list in the complaint is all-inclusive.

24.     Dr. Chin denies the first two sentences of Paragraph 24 of the Complaint. Dr. Chin admits the last sentence of Paragraph 24 of the Complaint.

B.  Allegations Regarding the Use of ESIs and Other Common Spinal Injections.

25.     Dr. Chin admits that Paragraph 25 of the Complaint describes some circumstances in which various kinds of injections may be recommended or performed. Dr. Chin denies that Paragraph 25 of the Complaint fully describes all circumstances in which such injections may be recommended or performed.

26.     Dr. Chin admits that the first two sentences of Paragraph 26 describe certain circumstances where ESI is indicated. Dr. Chin denies the remaining allegations of Paragraph 26.

27.     Dr. Chin admits the first five sentences in Paragraph 27. Dr. Chin denies any and all medical authorities relied upon by State Farm in determining there may be an increased level of technical expertise required to perform transforaminal ESIs, and that this type of injection allows for greater precision in targeting the source of patient's pathology which results in a more concentrated delivery of the steroid into the affected area. Dr. Chin denies the remainder of the allegations in Paragraph 27.

28.     Dr. Chin denies he performed all initial exams. Dr. Chin denies that Paragraph 28 accurately reflects the steps taken prior to the recommendation of an ESI. Dr. Chin further denies that Paragraph 28 accurately describes his exam procedure. Dr. Chin denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Dr. Chin denies that Paragraph 29 correctly states the contraindications and may not accurately reflect the guidelines related to the performance of an ESI. He denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin denies the allegations of Paragraph 30 that are inconsistent with the records. Dr. Chin denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin denies the allegations of Paragraph 31 that are inconsistent with the records. Dr. Chin denies the remaining allegations of Paragraph 31 of the Complaint.

1)  Fluoroscopic Guidance and Epidurography.

32.     With respect to the allegations of Paragraph 32 of the Complaint, Dr. Chin admits that fluoroscopy is sometimes used in the administration of ESIs. Dr. Chin is without information sufficient to admit or deny the billing allegations and therefore denies them. Dr. Chin denies any allegations which are inconsistent with the medical records. Dr. Chin denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Dr. Chin denies the first sentence of Paragraph 33 of the Complaint. Dr. Chin admits that Paragraph 33 describes some circumstances in which epidurograms are indicated and procedures for reporting same but denies that all circumstances are included therein. Dr. Chin denies the remaining allegations of Paragraph 33 of the Complaint.

34.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin denies the allegations of Paragraph 34 of the Complaint which are inconsistent with the records. Dr. Chin denies the remaining allegations of Paragraph 34 of the Complaint.

2)  Risks and Costs Associated with Spinal Injections.

35.     Dr. Chin is without information sufficient to admit or deny the allegations concerning billing and therefore denies them**.** Dr. Chin denies the characterization of the risks associated with ESIs contained in Paragraph 35 of the Complaint, as well as the suggestion that ESIs should rarely, if ever, be performed, or that the benefits of ESIs are outweighed by the risks. Dr. Chin further denies State Farm's suggestion regarding the "costs" of ESIs by reference to the amounts "charged," as those are not equivalent terms.

36.     Dr. Chin denies the allegations in Paragraph 36 of the Complaint. Dr. Chin denies performing any exam or intervention as a pretext or to otherwise inflate costs. Specifically, Dr. Chin does not have any knowledge of or participate in any billing decisions or functions of Defendant Complete Pain.

C.  Allegations of Fraudulent Evaluations and Treatment Recommendations.

37.     Dr. Chin denies the existence of any "scheme," and further denies the suggestion that the evaluations referenced in Paragraph 37 were "purported" rather than legitimate. Dr. Chin denies he performed all initial evaluations. Dr. Chin admits that Defendant Doctors take patients' history, perform physical exams, and arrive at treatment plans. Defendant denies the remaining allegations in Paragraph 37.

3)  Allegedly Fraudulent Exam Findings.

38.     Dr. Chin denies the allegations in Paragraph 38 of the Complaint. Dr. Chin is without information sufficient to admit or deny the allegations concerning inadequate examinations or evaluations and therefore denies them.

39.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin admits the third sentence. Dr. Chin denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin denies any allegation inconsistent with the documents referenced.

41.     Dr. Chin responds that the records referred to in Paragraph 41 speak for themselves and denies any allegation inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

42.     Dr. Chin denies the allegations of Paragraph 42 of the Complaint.

43.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin responds that the records referred to in Paragraph 43 speak for themselves and denies any allegation inconsistent with those records. Dr. Chin denies that any pain description recorded by him is "non-specific or non-credible." Dr. Chin denies that his pain descriptions are inconsistent with other providers as he is not responsible for recording the descriptions of other providers and those descriptions are recorded at disparate times, locations, and proximities to treatment. To the extent that the allegations in this Paragraph are directed

toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

44.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin responds that the records referred to in Paragraph 44 speak for themselves and denies any allegation inconsistent with those records. Dr. Chin denies the allegations in the last sentence of Paragraph 44 of the Complaint.

45.     Dr. Chin denies the allegations in the first sentence of Paragraph 45. Dr. Chin responds that the records referred to in Paragraph 45 speak for themselves and denies any allegations inconsistent with those records. Dr. Chin denies the allegations in the last sentence of Paragraph 45 of the Complaint.

46.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies the allegations of Paragraph 46 of the Complaint.

47.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin denies the characterization of the documentation described in Paragraph 47 of the Complaint and denies the overgeneralization of the test and standards for recording the results of an SLR evaluation alleged in Paragraph 47 of the Complaint.

48.     Dr. Chin denies the allegations of the first sentence of Paragraph 48 of the Complaint. Dr. Chin responds that the records referred to in Paragraph 48 speak for themselves and denies any allegations inconsistent with those records. Dr. Chin denies the allegations in the last sentence of Paragraph 48 of the Complaint. Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

4) Allegations of Fraudulent MRI Findings.

49.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Dr. Chin responds that the records reference in Paragraph 49 of the Complaint speak for themselves and denies any allegations inconsistent with those records. Dr. Chin denies the characterization of any of the ESIs he performed as "medically unnecessary."

50.     As to the allegations in the first sentence of Paragraph 50 of the Complaint, Dr. Chin is without sufficient information to admit or deny this allegation and denies same. With respect to the remaining allegations of Paragraph 50, the records referenced therein speak for themselves and denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

51.     With respect to the allegations of Paragraph 51, the records referenced therein speak for themselves and denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

52.     With respect to the allegations of Paragraph 52, the records referenced therein speak for themselves and Dr. Chin denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

53.     With respect to the first sentence of Paragraph 53, Dr. Chin denies any inference that any injections he performed were not medically necessary or that any purported recommendation was illegitimate. With respect to the remaining allegations of Paragraph 53, the

records referenced therein speak for themselves and Dr. Chin denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

5) Allegations of Fraudulent Diagnoses.

54.     Dr. Chin denies the allegations of Paragraph 54 of the Complaint.

55.     Dr. Chin denies the allegations of Paragraph 55 of the Complaint.

56.     Dr. Chin denies the allegations of the first sentence of Paragraph 56 of the Complaint. Dr. Chin denies that any injections he performed were not medically necessary or that any purported recommendation was illegitimate. With respect to the remaining allegations of Paragraph 56, the records referenced therein speak for themselves and Dr. Chin denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

57.     Dr. Chin denies that any injections he performed were not medically necessary or that any purported recommendation was illegitimate. With respect to the remaining allegations of Paragraph 57, the records referenced therein speak for themselves and Dr. Chin denies any allegations inconsistent with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

6) Alleged Fraudulent Treatment Recommendations.

58.     Dr. Chin denies the allegations of Paragraph 58 of the Complaint.

59.     Dr. Chin responds that the records referenced in Paragraph 59 speak for themselves and denies any allegations inconsistent with them. Dr. Chin denies that all patients reporting neck or back pain received an injection or a recommendation for an injection. Dr. Chin further denies the conclusory statements in Paragraph 56 about what "one would expect to see" in connection with those records. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

60.     Dr. Chin responds that the records referenced in Paragraph 60 speak for themselves and denies any allegations inconsistent with them. Dr. Chin specifically denies that he ever recommended a series of three injections. Dr. Chin further denies the allegations regarding "peer-reviewed medical literature and professional medical society guidelines," as no such authority is identified anywhere in the Complaint. Dr. Chin further denies the last sentence in Paragraph 60. Defendant further denies State Farm has pleaded any evidence to support a conclusion that Dr. Chin made "Fraudulent Treatment Recommendations" or from which it may be concluded that he did so on a regular basis or pursuant to any "scheme."

D.  Allegations Regarding Fraudulent Operative Reports.

61.     With respect to Paragraph 61, Dr. Chin admits that he prepares Operative Reports. With respect to his own reports, Dr. Chin denies the allegations of the final sentence of Paragraph 61. Defendant, Dr. Chin, is without information sufficient to admit or deny the allegations and therefore denies them.

62.     With respect to Paragraph 62, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them. Dr. Chin denies any inference that he performed unnecessary epidurograms. Dr. Chin denies that his Operative

Reports were in any way inadequate. Dr. Chin denies that he performed any unnecessary procedures. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

63.     With respect to Paragraph 63, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them. Dr. Chin denies any inference that he performed unnecessary epidurograms. Dr. Chin denies that his Operative Reports were in any way inadequate. Dr. Chin denies that he performed any unnecessary procedures. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not have any knowledge of or participate in any billing decisions or functions of Defendant Complete Pain.

64.     With respect to Paragraph 64, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them. Dr. Chin denies the inference that any of his Operative Reports were not credible. To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

E.  Allegations Regarding Fraudulent Charges.

65.     With respect to the allegations of Paragraph 65, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not participate in any billing decisions or functions of Defendant Complete Pain. Further, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them.

66.     With respect to the allegations of Paragraph 66, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not participate in any billing decisions or functions of Defendant Complete Pain. Further, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them.

67.     With respect to the allegations of Paragraph 67, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not participate in any billing decisions or functions of Defendant Complete Pain. Further, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them.

68.     With respect to the allegations of Paragraph 68, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not participate in any billing decisions or functions of Defendant Complete Pain. Further, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them.

69.     With respect to the allegations of Paragraph 69, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them. Specifically, Dr. Chin does not participate in any billing decisions or functions of Defendant Complete Pain. Further, Dr. Chin responds that the records referenced therein speak for themselves and denies any allegations inconsistent with them.

70.     To the extent that the allegations in this Paragraph are directed toward another Defendant, Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies them.

F.  State Farm's Alleged Injuries.

71.    Dr. Chin denies the allegations of Paragraph 71 of the Complaint.

72.    Dr. Chin denies the allegations of Paragraph 72 of the Complaint.

73.    Dr. Chin denies the allegations of Paragraph 73 of the Complaint.

V.    CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
VIOLATION OF 18 U.S.C. § 1962(c)
(Against Defendants Alj F. Sparrow, M.D., and See Loong Chin, M.D.)

74.    Dr. Chin incorporates by reference herein his response to the allegations above.

75.    Dr. Chin is without information sufficient to admit or deny the allegations and therefore Dr. Chin denies the allegations of Paragraph 75 of the Complaint.

76.    Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 76 of the Complaint.

77.    Dr. Chin denies the allegations of Paragraph 77 of the Complaint.

78.    Dr. Chin denies the allegations of Paragraph 78 of the Complaint.

79.    Dr. Chin denies the allegations of Paragraph 79 of the Complaint.

80.    Dr. Chin denies the allegations of Paragraph 80 of the Complaint.

WHEREFORE CLAUSE

Dr. Chin denies that State Farm is entitled to any of the relief south in the Wherefore Clause in the First Claim for Relief.

SECOND CLAIM FOR RELIEF
VIOLATION OF 18 U.S.C. § 1962(d)
(Against Defendants Alj F. Sparrow, M.D., and See Loong Chin, M.D.)

81.    Dr. Chin incorporates by reference herein his response to the allegations above.

82.    Dr. Chin denies the allegations of Paragraph 82 of the Complaint.

83.     Dr. Chin denies the allegations of Paragraph 83 of the Complaint.

84.     Dr. Chin denies the allegations of Paragraph 84 of the Complaint.

85.     Dr. Chin denies the allegations of Paragraph 85 of the Complaint.

WHEREFORE CLAUSE

Dr. Chin denies that State Farm is entitled to any of the relief south in the Wherefore Clause in the Second Claim for Relief.

THIRD CLAIM FOR RELIEF
MONEY HAD AND RECEIVED
(Against All Defendants)

86.     Dr. Chin incorporates by reference herein his response to the allegations above.

87.     Dr. Chin is without information sufficient to admit or deny the allegations and therefore denies the allegations of Paragraph 87 of the Complaint.

88.     Dr. Chin denies the allegations of Paragraph 88 of the Complaint.

89.     Dr. Chin denies the allegations of Paragraph 89 of the Complaint.

90.     Dr. Chin denies the allegations of Paragraph 90 of the Complaint.

91.     Dr. Chin denies the allegations of Paragraph 91 of the Complaint.

WHEREFORE CLAUSE

Dr. Chin denies that State Farm is entitled to any of the relief sought in the Wherefore Clause in the Second Claim for Relief.

VI.     GENERAL DENIAL

Dr. Chin denies any and all allegations in the Complaint not specifically admitted herein.

VII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Dr. Chin demands a trial by jury.

## VIII.   AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with State Farm, Dr. Chin further pleads the following defenses to the claims contained in the Complaint:

1.      State Farm's Complaint fails to state a claim against Defendants for which relief can be granted.

2.      State Farm's claims are barred by waiver, estoppel, ratification, and/or laches.

3.      State Farm's claims are barred by the voluntary payment doctrine.

4.      Any relief due to State Farm is the result of State Farm's actions, or the actions of third parties over which Defendants have no control and is not attributable to Dr. Chin and Dr. Chin is therefore not responsible for that relief.

5.      Dr. Chin reserves the right to plead such other affirmative defenses as may become known to them throughout the course of discovery.

Respectfully submitted,

LORANCE THOMPSON, PC

_____
Michael W. Blaise, Attorney-in-Charge
Texas Bar No. 02422700
Federal ID: 326701
Katie Sunstrom
Texas Bar No. 24037538
Federal ID: 34370
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 fax
Email:  mwb@lorancethompson.com
Email:  ks@lorancethompson.com

OF COUNSEL:
Gregg C. Waddill III
Texas Bar No. 20630000
1601 Ben Crenshaw Way
Austin, Texas 78746
512-329-8580
512-329-8581 – fax
Email: gcwaddill@gcwlaw.com
**ATTORNEYS FOR DEFENDANT,**
**SEE LOONG CHIN, M.D.**

## CERTIFICATE OF SERVICE

I certify that this pleading was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record on 21st day of August, 2020, 2010.

Ross O. Silverman
Attorney-in-Charge
Jared T. Heck
Amelia M. Chapple
Of Counsel
Katten Muchin Rosenman, LLP
525 West Monroe Street
Chicago, IL 60661-3693
Ross.silverman@kattenlaw.com
Jared.heck@katten.com
Amelia.chapple@katten.com

Micah Kessler
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
mkessler@nck-law.com

_____
Michael W. Blaise