IN THE UNITES STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-02606 |
| COMPLETE PAIN SOLUTIONS LLC n/k/a COMPLETE PAIN SOLUTIONS, PLLC; ALJ FLORENCE SPARROW, M.D.; SEE LOONG CHIN, M.D.; and MMRJ HOLDCO LLC n/k/a HOLDCO ROLLOVER, LLC, | § § § § § § § § | |
| Defendants. | § | |

**ALJ FLORENCE SPARROW, M.D.'S ANSWER TO PLAINTIFFS' COMPLAINT**

ALJ Florence Sparrow, M.D. ("Dr. Sparrow"), answers State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas's (collectively "State Farm") Complaint, ECF No. 1, and respectfully states as follows:

**I.   NATURE OF THE ACTION**

1. Dr. Sparrow denies the allegations in paragraph 1 of the complaint.

2. Dr. Sparrow denies the allegations in paragraph 2 of the complaint.

3. Dr. Sparrow denies the allegations in paragraph 3 of the complaint.

4. Dr. Sparrow denies the allegations in paragraph 4 of the complaint.

5. State Farm's allegations in paragraph 5 are a statement of law. Dr. Sparrow denies the allegations to the extent they misstate or mischaracterize Texas law.

6. State Farm's allegations in paragraph 6 are a statement of law. Dr. Sparrow denies

the allegations to the extent they misstate or mischaracterize Texas law.

7. Dr. Sparrow denies the allegations in paragraph 7 of the complaint.

8. Dr. Sparrow denies the allegations in paragraph 8 of the complaint.

9. Dr. Sparrow denies the allegations in paragraph 9 of the complaint.

10. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 related to State Farm's alleged damages and therefore denies those allegations. Dr. Sparrow denies the remainder of the allegations in paragraph 10 of the complaint.

11. Dr. Sparrow denies the allegations in paragraph 11 of the complaint.

12. State Farm's allegations in paragraph 12 are a description of the claims they assert in this action. Dr. Sparrow states State Farm's allegations in the complaint speak for themselves. Dr. Sparrow denies State Farm is entitled to the relief identified in paragraph 12.

## II. JURISDICTION AND VENUE

13. Dr. Sparrow admits this Court has federal question jurisdiction as alleged in paragraph 13 of the complaint but denies that State Farm is entitled to any relief.

14. Dr. Sparrow admits this Court has supplemental jurisdiction as alleged in paragraph 14 of the complaint but denies that State Farm is entitled to any relief.

15. Dr. Sparrow admits venue is proper in this Court as alleged in paragraph 15 of the complaint.

## III. PARTIES

### A. Plaintiffs

16. Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and therefore denies them.

17. Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and therefore denies them.

**B. Defendants**

18. Dr. Sparrow admits she is a Texas citizen. Dr. Sparrow denies State Farm's allegations that she has been licensed to practice medicine in Texas since 1995—she obtained her license in 1994. Dr. Sparrow admits the allegations in paragraph 18 of the complaint regarding her Florida licensure and when she began working for Complete Pain. Dr. Sparrow denies the remainder of the allegations in paragraph 18 of the complaint.

19. Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 regarding the residence and licensure of Dr. See Loong Chin ("Dr. Chin") or Dr. Chin's work at Complete Pain and therefore denies those allegations. Dr. Sparrow denies the remainder of the allegations in paragraph 19 of the complaint.

20. Dr. Sparrow states the documents referenced in paragraph 20 of the complaint speak for themselves. Dr. Sparrow denies any allegations in paragraph 20 that are inconsistent with the referenced documents. As to the remainder of the allegations in paragraph 20, Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint and therefore denies them.

21. Dr. Sparrow states the documents referenced in paragraph 21 of the complaint speak for themselves. Dr. Sparrow denies any allegations in paragraph 21 that are inconsistent with the referenced documents. As to the remainder of the allegations in paragraph 21, Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and therefore denies them.

## IV. ALLEGATIONS COMMON TO ALL ACCOUNTS

### A. The Legitimate Diagnosis and Treatment of Neck and Back Pain

22. Dr. Sparrow admits the allegations in paragraph 22 of the complaint.

23. Dr. Sparrow admits the allegations in paragraph 23 of the complaint.

24. Dr. Sparrow admits the allegations in paragraph 24 of the complaint.

### B. The Doctor Defendants' Purported Treatment Runs Contrary to the Legitimate Uses of ESIs and Other Common Spinal Injections

25. Dr. Sparrow admits the allegations in the first sentence of paragraph 25 of the complaint. Dr. Sparrow denies the allegations in the second and third sentences of paragraph 25 of the complaint. Regarding the last sentence, Dr. Sparrow admits that the three injections identified are types of spinal shots. Dr. Sparrow denies all referenced injections are common.

26. Dr. Sparrow admits the allegations in the first sentence of paragraph 26 of the complaint. Dr. Sparrow denies the remainder of the allegations in paragraph 26 of the complaint.

27. Dr. Sparrow admits the allegations in the first five sentences of paragraph 27 of the complaint, except the allegations that anesthetic is always delivered with the ESIs. Dr. Sparrow further denies the allegations in paragraph 27 of the complaint that an increased level of technical expertise is required to perform transforaminal ESIs but agrees that transforaminal ESIs allow for greater precision. Regarding the allegations in the last sentence in paragraph 27 of the complaint, Dr. Sparrow admits she recommends more interlaminar ESIs but denies the remainder of the allegations.

28. Dr. Sparrow denies the allegations in paragraph 28 of the complaint.

29. Dr. Sparrow denies the allegations in the first sentence of paragraph 29 of the complaint. Dr. Sparrow lacks knowledge or information regarding the specific guidelines to which State Farm is referring to in the second sentence of paragraph 29 of the complaint and therefore

denies those allegations. Dr. Sparrow denies the remainder of the allegations in paragraph 29 of the complaint.

30. Dr. Sparrow denies the allegations in the first sentence of paragraph 30. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 30 and therefore denies them. Dr. Sparrow further states the patients' records speak for themselves, and Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the patients' records.

31. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31 of the complaint and therefore denies them. Dr. Sparrow further states the patients' records speak for themselves, and Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the patients' records. Dr. Sparrow denies the remainder of the allegations in paragraph 31 of the complaint.

32. Dr. Sparrow admits the allegations in the first four sentences in paragraph 32 of the complaint. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 32 of the complaint and therefore denies them.

33. Dr. Sparrow denies the allegations in first and last sentences in paragraph 33 of the complaint. As it relates to the allegations in the second sentence of paragraph 33 of the complaint, Dr. Sparrow states the allegations provide some instances—but not all—in which epidurograms are indicated.

34. Dr. Sparrow states the operative reports and other referenced records in paragraph 34 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced records. Dr. Sparrow denies the remainder of the allegations in paragraph 34 of the

complaint.

35. Dr. Sparrow denies the allegations in the first and second sentences of paragraph 35 of the complaint. Dr. Sparrow admits that the risks identified in the third sentence of paragraph 35 of the complaint are present for ESI injections but states the probability of the identified risks are minimal. Dr. Sparrow denies the allegations in the second to last sentence of paragraph 35 of the complaint. Dr. Sparrow is without knowledge or information sufficient to form a truth as to the allegations related to the billing for the injections and therefore denies those allegations.

36. Dr. Sparrow denies the allegations in paragraph 36 of the complaint.

### C. The Fraudulent Evaluations and Treatment Recommendations

37. Dr. Sparrow denies the allegations in the first sentence of paragraph 37 of the complaint. Dr. Sparrow admits she takes the patients' history, performs physical exams, reaches diagnoses, and arrives at a treatment plan, all of which are documented in the patient's initial exam report. Dr. Sparrow denies that these are actions she "purports" rather than actually takes. Dr. Sparrow further denies that she took all the actions for each patient at issue in this action.

38. Dr. Sparrow denies the allegations in paragraph 38 of the complaint. Dr. Sparrow further states that the patients' records speak for themselves. Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the patients' records. Dr. Sparrow further states she generally lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to examinations and records of Dr. Chin's patients.

39. Dr. Sparrow denies the allegations in the first sentence of paragraph 39 of the complaint. Dr. Sparrow admits the allegations in the second and third sentences of paragraph 39 of the complaint. Dr. Sparrow denies the allegations in the fourth sentence of paragraph 39 of the complaint. Dr. Sparrow further states that the patients' records speak for themselves. Dr. Sparrow

denies any of State Farm's allegations that are inconsistent with the patients' records.

40. Dr. Sparrow states the initial exam report speaks for itself. Dr. Sparrow denies any allegations in paragraph 40 of the complaint inconsistent with the initial exam report. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint related to Dr. Chin and therefore denies them.

41. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 41 of the complaint and therefore denies them. Dr. Sparrow states the patients records and other documents referenced in paragraph 41 speak for themselves. Dr. Sparrow denies any allegations inconsistent with the patient's records and referenced documents.

42. Dr. Sparrow denies the allegations in paragraph 42 of the complaint. Dr. Sparrow further states that the patients' records speak for themselves. Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the patients' records.

43. Dr. Sparrow denies the allegations in the first and second sentences of paragraph 43 of the complaint. Dr. Sparrow further states that the patients' records speak for themselves. Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the patients' records.

44. Dr. Sparrow states the documents and testimony referenced in paragraph 44 speak for themselves. Dr. Sparrow denies any of State Farm's allegations that are inconsistent with the referenced records. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Dr. Chin and therefore denies them.

45. Dr. Sparrow admits that a physical examination should be performed before determining whether an ESI is needed. Dr. Sparrow denies any allegations that she fails to perform a physical examination before recommending an ESI. Dr. Sparrow denies the allegations in the

last sentence of paragraph 45 of the complaint. As it relates to the remaining allegations, Dr. Sparrow states the patients' records speak for themselves. Dr. Sparrow denies any allegations inconsistent with the patients' records.

46. Dr. Sparrow denies the allegations in paragraph 46 of the complaint.

47. Dr. Sparrow admits she performs and documents the Spurling's test for cervical patients and the straight leg test. Dr. Sparrow denies that her findings are not documented in any meaningful manner or that the results of the tests do not have an impact on the patients' recommended treatment. Dr. Sparrow admits the allegations in the second, third, fourth, and fifth sentences of paragraph 47 of the complaint. Dr. Sparrow denies the remainder of the allegations in paragraph 47 of the complaint.

48. Dr. Sparrow denies the allegations in the first sentence of paragraph 48 of the complaint. Dr. Sparrow states the patients' records speak for themselves. Dr. Sparrow denies any allegations inconsistent with the patients' records. Dr. Sparrow further denies she recommended ESIs when they were not warranted. Dr. Sparrow is without information or knowledge sufficient to form a belief as to the truth of the allegations related to Dr. Chin in paragraph 48 and therefore denies them. Dr. Sparrow denies the allegations in the last sentence of paragraph 48 of the complaint.

49. Dr. Sparrow denies the allegations in paragraph 49 of the complaint that she makes medically unnecessary recommendations. Dr. Sparrow further states the initial exam reports referenced in paragraph 49 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced initial exam reports.

50. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the complaint and therefore denies them. Dr.

Sparrow further states that the records referenced in paragraph 50 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced records.

51. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 51 and therefore denies them. Dr. Sparrow further stats that the records referenced in paragraph 51 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced records.

52. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 52 and therefore denies them. Dr. Sparrow further stats that the records referenced in paragraph 52 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced records.

53. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and fourth sentences of paragraph 53 and therefore denies those allegations. Dr. Sparrow further states the demand letter referenced in paragraph 53 speaks for itself and denies any allegations inconsistent with the demand letter. Dr. Sparrow further is without knowledge or information sufficient to form a belief as wo why the referenced attorneys demanded the amounts they did and therefore denies those allegations.

54. Dr. Sparrow denies the allegations in paragraph 54 of the complaint.

55. Dr. Sparrow denies the allegations in paragraph 55 of the complaint.

56. Dr. Sparrow denies the allegations in the first sentence of paragraph 56 of the complaint. Dr. Sparrow further states the initial exam reports speak for themselves. Dr. Sparrow denies any allegations inconsistent with the initial exam reports. Dr. Sparrow further states ESIs are beneficial even when a patient does not experience radiating symptoms. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the allegations relating to Dr. Chin's

patients and therefore denies those allegations.

57. Dr. Sparrow denies the allegations in the first sentence of paragraph 57 of the complaint. Dr. Sparrow further states the patients' records speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the patients' records.

58. Dr. Sparrow denies the allegations in paragraph 58 of the complaint.

59. Dr. Sparrow denies the allegations in the first sentence of paragraph 59 of the complaint. Dr. Sparrow further states the patients' records speak for themselves and denies any allegations inconsistent with the patients' records. Dr. Sparrow states the allegations in the last sentence of paragraph 59 of the complaint are too generic and vague to admit or deny. To the extent a response is required, Dr. Sparrow denies the allegations.

60. Dr. Sparrow states the patients' records referenced in the first sentence of paragraph 60 of the complaint speak for themselves and denies any allegations inconsistent with the patients' records. Dr. Sparrow denies the remainder of the allegations in paragraph 60 of State Farm's complaint.

61. Dr. Sparrow admits she prepared operative reports. Dr. Sparrow lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 61 related to the other defendants and therefore denies those allegations. Dr. Sparrow denies the Operative Reports are boilerplate and not credible.

62. Dr. Sparrow states the operative reports speak for themselves and denies any allegations inconsistent with the referenced operative reports. Dr. Sparrow denies the allegations in the second and third sentences of paragraph 62 of the complaint.

63. Dr. Sparrow denies the allegations in the first sentence of paragraph 63 of the complaint. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the second sentence of paragraph 63 and therefore denies them. Dr. Sparrow further states the documents referenced in paragraph 63 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the referenced records. Dr. Sparrow denies the remaining allegations in paragraph 63 of the complaint.

64. Dr. Sparrow states the operative reports referenced in paragraph 64 speak for themselves. Dr. Sparrow denies any allegations that are inconsistent with the operative reports. Dr. Sparrow denies the remaining allegations in paragraph 64.

**E. All of the Above Procedures Were Recommended and Performed to Support Fraudulent Charges.**

65. Dr. Sparrow denies the allegations in paragraph 65 of the complaint.

66. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

**F. State Farm Mutual and State Farm County's Injuries and Directly Related to and a Natural Consequences of Dr. Chin, Dr. Sparrow, and Complete Pain's Fraudulent Scheme.**

71. Dr. Sparrow states the allegations in the first sentence of paragraph 71 are a legal conclusion to which no response is required. Dr. Sparrow denies any allegations to the extent they

are an inaccurate or incomplete statement of the law. Dr. Sparrow denies the remainder of the allegations in paragraph 71 of the complaint.

72. Dr. Sparrow denies the allegations in paragraph 72 of the complaint.

73. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 73 of the complaint and therefore denies them. Dr. Sparrow denies the allegations in paragraph 73 of the complaint that allege she prepared fraudulent documentation. Dr. Sparrow denies the remainder of the allegations in paragraph 73 of the complaint.

V. CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
VIOLATION OF 18 U.S.C. § 1692(c)
(Against Defendants ALJ F. Sparrow, M.D. and See Long Chin, M.D.)

74. Dr. Sparrow incorporates by reference each of her responses to paragraphs 1 through 73, above, as if fully set forth herein.

75. Dr. Sparrow states the allegations in paragraph 75 of the complaint are a legal conclusion to which no response is required. To the extent a response is required, Dr. Sparrow denies the allegations.

76. Dr. Sparrow states only that she is an independent contractor of Complete Pain Solutions, PLLC. Dr. Sparrow denies the remainder of the allegations in paragraph 76 of the complaint.

77. Dr. Sparrow denies the allegations in paragraph 77 of the complaint.

78. Dr. Sparrow denies the allegations in paragraph 78 of the complaint.

79. Dr. Sparrow denies the bills and corresponding mailings comprise a pattern of racketeering activity. Dr. Sparrow is without knowledge or information sufficient to form a belief

as to the truth of the allegations in the last sentence of paragraph 79 of the complaint and therefore denies them.

80. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 80 of the complaint and to the factors that induce State Farm to settle BI and UM Claims and therefore denies those allegations. Dr. Sparrow denies the remainder of the allegations in paragraph 80 of the complaint.

Dr. Sparrow denies that State Farm is entitled to a judgment or the relief requested in the paragraph concluding its first claim for relief.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 18 U.S.C. § 1692(d)
## (Against Defendants ALJ F. Sparrow, M.D. and See Long Chin, M.D.)

81. Dr. Sparrow incorporates by reference each of her responses to paragraphs 1 through 73, above, as if fully set forth herein.

82. Dr. Sparrow denies the allegations in paragraph 82 of the complaint.

83. Dr. Sparrow denies the allegations in paragraph 83 of the complaint.

84. Dr. Sparrow denies the allegations in paragraph 84 of the complaint that any charges were fraudulent. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 84 and therefore denies them.

85. Dr. Sparrow denies the allegations in paragraph 85 of the complaint that any documentation or bills are fraudulent. Dr. Sparrow denies there was any scheme as alleged in paragraph 85 or that State Farm was a target of any scheme. Dr. Sparrow further denies that State Farm is entitled to any damages or a judgment as alleged in paragraph 85. Dr. Sparrow is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 85 and therefore denies them.

Dr. Sparrow denies that State Farm is entitled to a judgment or the relief requested in the paragraph concluding its second claim for relief.

### THIRD CLAIM FOR RELIEF
### MONEY HAD AND RECEIVED
### (Against Defendants ALJ F. Sparrow, M.D. and See Long Chin, M.D.)

86. Dr. Sparrow incorporates by reference each of her responses to paragraphs 1 through 73, above, as if fully set forth herein.

87. Dr. Sparrow denies the allegations in paragraph 87 of the complaint.

88. Dr. Sparrow denies the allegations in paragraph 88 of the complaint.

89. Dr. Sparrow denies the allegations in paragraph 89 of the complaint.

90. Dr. Sparrow denies the allegations in paragraph 90 of the complaint.

91. Dr. Sparrow denies the allegations in paragraph 91 of the complaint.

Dr. Sparrow denies that State Farm is entitled to a judgment or the relief requested in the paragraph concluding its third claim for relief.

Dr. Sparrow denies any and all allegations in the Complaint not specifically admitted, denied, or otherwise discussed in the precedent paragraphs.

### AFFIRMATIVE DEFENSES

Dr. Sparrow asserts the following affirmative defenses bar State Farm's claims or preclude State Farm from recovering a judgment or damages as requested:

1. State Farm fails to state a claim upon which relief may be granted.

2. State Farm's claims are barred, in whole or in part, because State Farm failed to comply with all conditions precedent to recovery.

3. Dr. Sparrow asserts State Farm's claims are barred, in whole or in part, by the applicable statute of limitations or statute of repose.

4. State Farm's claims are barred, in whole or in part, because State Farm's injuries, if any, were caused by the acts or omissions of third parties outside Dr. Sparrow's control or responsibility.

5. State Farm's claims are barred, in whole or in part, because State Farm's damages, if any, were caused by an intervening or superseding cause.

6. State Farm's claims are barred, in whole or in part, because State Farm's own acts or omissions caused or contributed to State Farm's alleged injuries.

7. State Farm's quasi-contractual claim is barred, in whole or in part, to the extent an express contract governs the subject of the dispute.

8. State Farm's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

9. State Farm's claims are barred, in whole or in part, by the voluntary payment doctrine.

10. State Farm's claims are barred, in whole or in part, by State Farm's failure to mitigate damages.

11. State Farm's request for additional damages are barred, in whole or in part, by the Due Process Clause and Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or other applicable law.

12. Dr. Sparrow reserves the right to add any additional affirmative defenses.

## PRAYER

Dr. ALJ Florence Sparrow respectfully requests that the court enter a take nothing judgment on the claims State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company assert against her, that State Farm's claims be dismissed with

prejudice, and that Dr. Sparrow receives such other and further relief, legal or equitable, as the Court deems just and proper.

Dated:  September 16, 2020

Respectfully submitted,

Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1179 (direct)
(512) 479-1101 (fax)

By: /s/ *Brian Flood*
  Brian Flood
  Texas Bar No. 00790695
  Southern District Bar No. 1645604
  brian.flood@huschblackwell.com
  Jameson J. Watts
  Texas Bar No. 24079552
  Southern District Bar No. 1314527
  jameson.watts@huschblackwell.com
  Lauren E. Hayes
  Texas Bar No. 24081961
  Southern District Bar No. 2284655
  lauren.hayes@huschblackwell.com


**COUNSEL FOR DEFENDANT ALJ FLORENCE SPARROW, M.D.**