# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY *and* STATE FARM | § | |
| COUNTY MUTUAL INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-02606 |
| | § | |
| COMPLETE PAIN SOLUTIONS, | § | |
| LLC *n/k/a* COMPLETE PAIN | § | |
| SOLUTIONS PLLC, ALJ | § | |
| FLORENCE SPARROW, M.D. SEE | § | |
| LOONG CHIN, M.D. *and* MRI | § | |
| HOLDCO LLC n/*k/a* MRI | § | |
| HOLDCO ROLLOVER, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MRI HOLDCO ROLLOVER, LLC'S
## ORIGINAL ANSWER

**TO THE HONORABLE ANDREW HANEN:**

Defendant MRI Holdco LLC n/k/a MRI Holdco Rollover, LLC, ("MMRI")(collectively "Defendants") file this Original Answer to Plaintiffs' Complaint and in support thereof respectfully would show the Court as follows:

1.     MMRI denies the allegations asserted in Paragraph 1 of the Complaint.

2.     MMRI denies the allegations asserted in Paragraph 2 of the Complaint. As it is heavily relied upon throughout the Complaint, MMRI further states that

Plaintiffs' alleged "evidence" referred to in Paragraph 2 is nothing more than inadmissible, conclusory, and selective summary documentation without any backup, context or even meaningful explanation, and therefore any claims or statements arising from it or similar documents (Plaintiffs' Exhibits 1-4) are expressly denied.

3.     Although not directed at it, MMRI denies the allegations asserted in Paragraph 3 and subparts a-f of the Complaint.

4.     MMRI denies the allegations asserted in Paragraph 4 of the Complaint.

5.     Although MMRI is not qualified to provide legal opinions or analysis, it acknowledges through its counsel Texas law subjects insurers to liability for failing to accept reasonable demands.  By filing this lawsuit, Plaintiffs are stating they paid on "unreasonable" demands, they knew the demands were unreasonable (or should have by their own purported evidence), yet overpaid these claims without objection or challenge, in the end hurting its own insureds through increased premiums and other fallout from Plaintiffs' alleged error.  Indeed, it is Plaintiffs' legal obligation to evaluate and resolve reasonable demands under the so called Stowers-Doctrine.

6.     MMRI is not familiar with the legal duties put on Plaintiffs in resolving underinsured motorist claims but has no reason to deny that statements made in Paragraph 6 of the Complaint even though they call for legal conclusions.

2

7.      Although not directed at it, MMRI denies the allegations asserted in Paragraph 7 of the Complaint.  MMRI specifically denies having *any relationship* with Plaintiffs.  MMRI is completely unaware of who or what even sees or receives the bills and records it generates.

8.      Although not directed at it, MMRI denies the allegations asserted in Paragraph 8 of the Complaint as they are all premised on the false and unfounded claim all named defendants were part of a "scheme."

9.      Although not directed at it, MMRI denies the allegations asserted in Paragraph 9 of the Complaint.

10.     Although not directed at it, MMRI denies the allegations asserted in Paragraph 10 of the Complaint.  MMRI further denies receiving any settlement funds Plaintiffs claim as the basis of their damages through some disgorgement argument as it has never received any payment from Plaintiffs.

11.     MMRI denies the conclusory and unfounded statement asserted in Paragraph 11 of the Complaint.

12.     The assertions in Paragraph 12 of the Complaint are not allegations to which a response is required. Regardless, MMRI denies it is liable to Plaintiffs in any way.

13.    MMRI states that no claims are asserted against it under 18 U.S.C. §1961 et seq. and that such claims against other defendants do not establish this Court's jurisdiction over this Defendant.

14.    MMRI admits that this Court may take supplemental jurisdiction over Plaintiff's money-had-and-received claims. MMRI denies it is liable to Plaintiffs in any way.

15.    MMRI admits that venue is proper in this District under 28 U.S.C. §1391(a).

16.    MMRI lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 16 of the Complaint.

17.    MMRI lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 17 of the Complaint.

18.    MMRI admits the first three sentences of Paragraph 18 of the Complaint. MMRI denies the balance of the allegations asserted in Paragraph 18 of the Complaint.

19.    MMMRI admits the first two sentences of Paragraph 19 of the Complaint. MMRI denies the balance of the allegations asserted in Paragraph 19 of the Complaint.

20.    MMRI admits the allegations asserted in the first eight sentences of Paragraph 20 of the Complaint. For further accuracy, Complete Pain operates out of

three additional locations.  MMRI denies the balance of the allegations asserted in Paragraph 20 of the Complaint.

21.     MMRI admits the allegations asserted in the first four sentences of Paragraph 21 of the Complaint. For further response, MMRI's current corporate address is 5700 Granite Parkway Suite 435 Plano, Texas 75204.  MMRI denies the balance of the allegations asserted in Paragraph 21 of the Complaint, most notably that it received any portion of any funds from Defendants Doctors, Complete Pain or any "fraudulent scheme."

22.     Paragraph 22 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.

23.     Paragraph 23 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.

24.     Paragraph 24 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.

25.     Paragraph 25 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.

26.     Paragraph 26 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.  For further response, MMRI does not adapt or anyway validate the purported "Exhibit 1B Diagnosis and Treatment Plan Appendix."

27.     Paragraph 27 of the Complaint contains conclusory statements about medical standard of care and medical judgment.  MMRI is not a medical doctor, and therefore cannot admit or deny the statements.

28.     MMRI cannot admit or deny the specific allegations of Paragraph 28 of the Complaint because they are medical opinions and statements.  MMRI is not a medical doctor.  For further response, MMRI does not adapt or anyway validate the purported Exhibits 1A or 1B.

29.     MMRI cannot admit or deny the specific allegations of Paragraph 29 of the Complaint because they are medical opinions and statements.  MMRI is not a medical doctor.

30.     MMRI denies the statements and allegations in Paragraph 30 of the Complaint.  The basis of these statements is inadmissible, insufficient, grossly inaccurate, misleading, and based on selected information only.  For further response, Plaintiffs generically refer to "other Complete Pain doctors" without any

6

identification, making it impossible for MMRI or other defendants to fairly address the accusations and implications in this Paragraph.

31.     MMRI denies the statements and allegations in Paragraph 31 of the Complaint.   The basis of these statements is selective, inadmissible, grossly inaccurate, and misleading summaries.

32.     MMRI  cannot admit or deny the first three sentences of Paragraph 32 of the Complaint because they are medical opinions and MMRI is not a medical doctor.  MMRI denies any improper unbundling by itself or others even though that accusation is directed at another defendant.

33.     MMRI cannot admit or deny the specific allegations of Paragraph 33 of the Complaint because they are medical opinions and statements.  MMRI is not a medical doctor.

34.     MMRI denies all statements and allegations in Paragraph 34 of the Complaint.

35.     MMRI cannot admit or deny the specific statements in Paragraph of the Complaint as they call for medical opinions or refer to billing of another party.

36.     MMRI denies all statements and allegations in Paragraph 36 of the Complaint.

37.     MMRI admits that Doctor Defendants perform initial evaluations. MMRI denies all other statements and allegations in Paragraph 37 of the Complaint.

38.     MMRI denies all statements and allegations in Paragraph 38 of the Complaint.

39.     Although not directed at it and calling for medical opinions, MMRI denies all statements and allegations in Paragraph 39 of the Complaint.

40.     MMRI denies all statements and allegations in Paragraph 40 of the Complaint.

41.     MMRI cannot admit or deny the first four statements in Paragraph 41 of the Complaint as they reference medical records prepared by others.  Defendants cannot authenticate the documents referenced in the final sentence of Paragraph 41 because Plaintiff has redacted information necessary to verify and it refers to separate medical records as basis for portion of the statement.  Further, Plaintiff misstates the total being an estimate when the language indicates there are separate estimates both single and multiple ESIs depending on eventual need and treatment provided.

42.     MMRI denies the allegations asserted and statements in Paragraph 42 of the Complaint.

43.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 43 of the Complaint.

44.     MMRI denies the allegations asserted and statements in Paragraph 44 of the Complaint.  For further response, MMRI denies that Plaintiffs' description of the alleged testimony of an unknown witness is accurate.

45.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 45 of the Complaint. MMRI does deny Plaintiffs' unfounded statement about findings being "not credible".

46.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 46 of the Complaint.

47.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 47 of the Complaint.

48.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 48 of the Complaint.

49.     MMRI need not and indeed cannot admit or deny the allegations about medical records and medical opinions in Paragraph 49 of the Complaint.

50.     MMRI admits common ownership with Complete Pain at some of the relevant times alleged in this lawsuit.  MMRI denies the remaining allegations in Paragraph 50 of the Complaint.

51.     MMRI denies the allegations asserted in Paragraph 51 of the Complaint.

52.     MMRI cannot admit or deny the statements regarding unknown "S.W." and his or her treatment or records.    Further, Plaintiffs refer to "Memorial Radiologist" but provide no additional information about this alleged provider and therefore cannot admit or deny any allegations about him or her.

53.     Plaintiffs base all statements about unidentified "Memorial Radiologists".   Regardless, MMRI denies all statements and allegations in Paragraph 53 of the Complaint that in any way related to or accuse these unidentified providers of any wrong. Further, Plaintiffs allege the acts of nonparty "PI Attorneys" are the basis of the claims in this Paragraph, and indeed, the very foundation of this groundless lawsuit.  Plaintiffs do not identify any of these alleged PI Attorneys, and therefore MMRI cannot further respond to anything these unidentified nonparty persons allegedly did.   This begs a critical question of how Plaintiffs intend on pursuing this lawsuit when the very basis of it are unidentified patients, unidentified "PI Attorneys" and the Plaintiffs direct interaction with them without Defendants being aware of any transactions or  communications among them? It is also a good time to question Plaintiffs' claims resolution process and decision making.  Are Plaintiffs arguing that they paid $450,000.00 claim based solely on $10,000.00 in medical bills Plaintiffs and their defense counsel failed to question or challenge through the statutory scheme in place for doing so?

54.     MMRI denies all statements and allegations in Paragraph 54 of the Complaint.

55.     MMRI need not admit or deny the allegations in Paragraph 55 of the Complaint as they are directed to the Doctor Defendants.

56.     MMRI need not admit or deny the allegations in Paragraph 56 of the Complaint as they are directed to the Doctor Defendants.

57.     MMRI need not admit or deny the allegations in Paragraph 57 of the Complaint as they are directed to the Doctor Defendants.

58.     MMRI need not admit or deny the allegations in Paragraph 58 of the Complaint as they are directed to the Doctor Defendants.

59.     MMRI need not admit or deny the allegations in Paragraph 559 of the Complaint as they are directed to the Doctor Defendants.

60.     MMRI need not admit or deny the allegations in Paragraph 60 of the Complaint as they are directed to the Doctor Defendants.

61.     MMRI denies all allegations and statements about unidentified "Complete Pain doctors" and indeed, deny the existence of any such doctors as worded in Paragraph 61 of the Complaint.  Further, MMRI specifically denies it or Complete Pain submit any bills or reports to Plaintiffs.

62.     Although MMRI should not be answering questions about medical treatments and reports, by this point in the Complaint, Plaintiffs have begun referring

to unidentified "doctors" and in turn, implying MMRI was providing medical opinions.  In an abundance of caution, MMRI denies the statements and allegations in Paragraph 62 of the Complaint.

63.   Again, Plaintiffs are combining allegations against the Doctor Defendants and "Complete Pain" generically.   MMRI specifically denies it or Complete Pain submitted any bills to Plaintiffs and further denies submitting any "medically unnecessary" charges to anyone or any entity as alleged in Paragraph 63 of the Complaint.

64.   To the extent Plaintiffs now comingle their unfounded allegations against the Doctor Defendants and unidentified doctors, MMRI denies all allegations and statements in Paragraph 64 of the Complaint.

65.   MMRI denies all statements and allegations in Paragraph 65 of the Complaint.   Further, MMRI specifically denies ever submitting any claims to Plaintiffs as alleged.

66.   MMRI is unable to admit or deny the claims and statements in Paragraph 66 as they are based on over-redacted documents.  MMRI  denies it or any other party improperly unbundled any charges.  MMRI denies its or Complete Pain submitted any bills to any patients that improperly aggregate charges.

67.     MMRI is unable to admit or deny the claims and statements in Paragraph 67 of the Complaint as they are premised on over-redacted documents. MMRI denies any improper billing practices as implied.

68.     MMRI denies all statements and allegations in Paragraph 68 of the Complaint.

69.     MMRI denies all statements and allegations in Paragraph 69 of the Complaint.  For further response, MMRI denies Medicare rates are a proper measure of reasonableness of charges under Texas law and precedent.

70.     MMRI denies all statements and allegations in Paragraph 70 of the Complaint.  For further response, MMRI denies having input or influence on how Plaintiffs resolve their claims.

71.     MMRI admit it acts honestly with integrity.  MMRI denies it or Complete Pain submitted any bills to Plaintiffs and further denies "caused to be submitted" any bills to Plaintiffs.  Further, MMRI denies creating or in anyway participating in the creating of bills that are "fraudulent" as alleged Paragraph 71 of the Complaint.

72.     MMRI denies all allegations and statements in paragraph 72 of the Complaint.

73.     MMRI denies all allegations and statements in paragraph 73 of the Complaint.  For further response, MMRI denies Plaintiffs can prove damages of any kind in this matter.

74.     MMRI need not admit or deny Paragraph 74 of the Complaint, but to be clear, MMRI incorporates its prior responses to Paragraphs 1-73.

75.     MMRI denies that Complete Pain is an "enterprise" as defined in Paragraph 75 of the Complaint.

76.     MMRI again denies the use of the term or definition of "Complete Pain Enterprise." MMRI further denies the allegations in Paragraph 76 of the Complaint.

77.     MMRI denies all allegations and statements in Paragraph 77 of the Complaint.

78.     MMRI denies all allegations and statements in Paragraph 78 of the Complaint.

79.     MMRI denies all allegations and statements in Paragraph 79 of the Complaint.

80.     MMRI denies all allegations and statements in Paragraph 80 of the Complaint.  Plaintiffs make a conclusory statement and request for relief in what should be labelled Paragraph 81.  Although not properly indicated as Paragraph 81, MMRI Plaintiffs are entitled to any judgment for damages or fees of any kind.

81.   MMRI states that no allegation is made against them in paragraph 81

of the Complaint and that no response is therefore required; however, to the extent a response is required, MMRI incorporates its responses to paragraphs 1-80 above.

82.     MMRI denies all claims, allegations and statements made in Paragraph 82 of the Complaint.

83.     MMRI denies all claims, allegations and statements made in Paragraph 83 of the Complaint.

84.     MMRI denies all claims, allegations and statements made in Paragraph 84 of the Complaint.

85.     MMRI denies all claims, allegations and statements made in Paragraph 85 of the Complaint.  Although not properly labelled as Paragraph 86, following Paragraph 85 of the Complaint is a stand-alone statement for relief that MMRI further denies.

86.   MMRI states that no allegation is made against it in paragraph 88 of the Complaint and that no response is therefore required; however, to the extent a response is required, MMRI incorporates its responses to paragraphs 1-85 above.

87.     MMRI denies all statements, claims and allegations in Paragraph 87 of the Complaint.

88.     MMRI denies all statements, claims and allegations in Paragraph 88 of the Complaint.

89.     MMRI denies all statements, claims and allegations in Paragraph 89 of the Complaint.  MMRI further denies it is their burden to help Plaintiffs prove their damages.  MMRI is not even aware of which, if any, claims Plaintiffs paid to nonparty "PI Attorneys", how much was paid to them, or what, if any portion of those proceeds were paid back to MMRI.

90.     MMRI denies all statements, claims and allegations in Paragraph 90 of the Complaint.

91.     MMRI denies Plaintiffs' allegations made in Paragraph 91 of the Complaint in hopes of avoiding obvious limitations issues.  Since Plaintiffs make not specific statements to base a tolling or discovery argument, Defendants cannot more specifically deny them.

92.  Defendant denies all allegations contained the in the Complaint which are not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

93.     Plaintiffs lack standing and privity with MMRI (or any other defendant) to base any claims for alleged wrong.

94.     Plaintiffs' claims are premised on claims of medical malpractice and therefore subject to Chapter 74 of the Texas Civil Practice and Remedies Code regarding notice, release, and expert reporting requirements.

a. Plaintiffs failed to provide any defendant the statutorily required notice and authorizations 60 days prior to filing this lawsuit. Tex.Civ.P. & Rem. §§74.351-74.352.  Plaintiffs failed to plead notice compliance.  Further, the case and discovery may be abated until Plaintiffs provide the required authorizations.

b. Further, MMRI demands compliance with Chapter 74 expert report requirements within 120 days of this filing.  Tex.Civ.P. & Rem. C. §73.351.

95.    Plaintiffs cannot bring claims of medical malpractice on behalf of its insured or third party motorists.  Simply put, Plaintiffs lack standing to bring medical malpractice claims for those allegedly hurt by Defendants' conduct, which remains denied.

96.    Plaintiffs' claims are barred in whole or in part by the applicable limitations' periods for each claim.

97.    Plaintiffs' claims are barred by release, waiver and estoppel.

98.    Plaintiffs' claims are barred by Chapter 18 of the Texas Civil Practice and Remedies Code.  Specifically, when presented with the alleged bills Plaintiffs now dispute, Plaintiffs had a statutory obligation to challenge the medical necessity and/or reasonableness of charges.  Texas law states Plaintiffs failure to properly challenge medical necessity or reasonableness of charges precludes them from

17

arguing about them after the prescribed period, and certainly years later as now alleged in this lawsuit.

99.  Plaintiffs' claims are barred by the doctrine of unclean hands. Specifically, if Plaintiffs' various agents, adjusters, and attorneys took the actions as described in Plaintiffs' Complaint, it is Plaintiffs' own improper conduct that caused any alleged damages and such acts should bar any recovery.

100.  Plaintiffs' claims are barred by the intervening acts of others, including but not limited to their agents, adjusters, and attorneys.

WHEREFORE, MMRI prays that the Court deny Plaintiffs any and all relief sought, enter judgment against Plaintiffs, and award MMRI any and all relief to which it may be entitled.

Respectfully submitted,
**HICKS DAVIS WYNN, P.C.**

*/s/    Forrest J. Wynn*
Forrest J. Wynn
Texas Bar No. 24037750
fwynn@hdwlegal.com
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Tel.: (713) 589-2240
Fax: (713) 277-7220

**ATTORNEY IN CHARGE FOR**
**MRI HOLDCO ROLLOVER, INC.**

OF COUNSEL:
Bryon A. Rice
Texas Bar No. 24065970
S.D. Tex. No. 1118643
brice@hdwlegal.com
**HICKS DAVIS WYNN, P.C.**
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Tel.: (713) 589-2240
Fax: (713) 277-7220

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on October 9, 2020, in compliance with Local Rule 5. As such, this document was served on all counsel of record through the Court's CM/ECF filing system.

**KATTEN MUCHIN ROSENMAN LLP**
Ross O. Silverman
ross.silverman@kattenlaw.com
Jared T. Heck
Jared.heck@kattenlaw.com
Amelia M. Chapple
Amelia.chapple@katten.com
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200

-and-

**NISTICO, CROUCH & KESSLER, P.C.**
Maxwell Micha Kessler
mkessler@nck-law.com
1900 West Loop South, Suite 800
Houston, Texas 77027
**ATTORNEYS FOR PLAINTIFFS**

**LORANCE & THOMPSON PC**
Michael Wayne Blaise
mwb@lorancethompson.com
Katie Sunstrom
ks@lorancethompson.com
2900 N. Loop W., Suite 500
Houston, Texas 77092
Telephone: 713-868-5560
Facsimile: 713-864-4671

-and-

Gregg C. Waddill III
gcwaddill@gcwlaw.com
1601 Ben Crenshaw Way
Austin, Texas 78746
Telephone: 512-329-8580
Facsimile: 512-329-8581
**ATTORNEYS FOR DEFENDANTS
ALJ FLORENCE SPARROW, M.D.
AND SEE LOONG CHIN, M.D.**

*/s/ Forrest Wynn*
Forrest J. Wynn