# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>COMPLETE PAIN SOLUTIONS LLC n/k/a COMPLETE PAIN SOLUTIONS PLLC; ALJ FLORENCE SPARROW, M.D.; SEE LOONG CHIN, M.D.; and MMRI HOLDCO LLC n/k/a MRI HOLDCO ROLLOVER, LLC,<br><br>Defendants. | Case No. 4:20-CV-02606<br><br>Hon. Andrew S. Hanen<br><br>Magistrate Frances H. Stacy |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The Rule 26(f) conference was conducted via telephone on November 13, 2020, and it was attended by:

- Jared T. Heck, Anne Raven, and Britt R. DeVaney, counsel for Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm County Mutual Insurance Company of Texas ("Texas County Mutual")

- Blake A. Bailey, counsel for Defendant Complete Pain Solutions LLC n/k/a Complete Pain Solutions PLLC ("Complete Pain")

- Bryon Rice, counsel for Defendant MMRI Holdco Rollover LLC n/k/a MRI Holdco Rollover, LLC ("MMRI Holdco")

- Lauren Hayes, counsel for Defendant Alj Florence Sparrow, M.D. ("Dr. Sparrow")

- Michael Blaise, counsel for Defendant See Loong Chin, M.D. ("Dr. Chin")

1

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None. While Plaintiffs have filed lawsuits nationally involving similar causes of action, including in this District, Plaintiffs maintain those actions do not involve the same defendants and therefore do not consider them related.

    Defendants believe the claims are related as they are premised on identical causes of action and the same type of purported evidence to support the claims. It is believed there are 25 similar cases filed by Plaintiffs across the United States. The only one Defendants are aware of within Texas is *State Farm Mutual Automobile Insurance Company v. Punjwani et al.*, Cause No. 4:19-cv-01491 which is currently pending before Judge Werlien in the United States District Court for the Southern District of Texas.

3.  **Specify the allegation of federal jurisdiction.**

    The Court has federal question jurisdiction (28 U.S.C. § 1331) over the RICO causes of action brought under 18 U.S.C. § 1961 *et seq.* because they arise under the laws of the United States. The Court also has supplemental jurisdiction (28 U.S.C. § 1367(a)) over the money-had-and-received cause of action because it is so related to the RICO cause of action over which the Court has original jurisdiction that it forms part of the same case or controversy. *See* Complaint ¶¶ 13-14.

4.  **Name the parties who disagree and the reasons.**

    None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    The Parties do not anticipate any additional parties at this time.

6.  **List anticipated interventions.**

    The Plaintiffs do not anticipate any interventions at this time.

    Defendants believe it is possible that the underlying claimants, Defendants' patients, may intervene in order to protect their medical information. It is also possible that the underlying insureds may intervene with claims against Plaintiffs for mishandling and overpaying claims based on Plaintiffs' admissions in the Complaint.

7.  **Describe class-action issues.**

    The Parties are not aware of any class-action issues.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have exchanged their Rule 26(a) disclosures. Any production of documents pursuant to Rule 26(a) will be made on a rolling basis thereafter.

9. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    As noted above, the Parties have agreed to and have exchanged written Rule 26(a) disclosures, and any production of documents pursuant to Rule 26(a) will be made on a rolling basis thereafter.

    The Parties conferred on the subject of which discovery should be needed:

    - State Farm Mutual and Texas County Mutual intend to seek discovery regarding the alleged fraud scheme and the allegations that form the basis of this lawsuit, including but not limited to discovery on the following topics: (a) the claims and supporting documentation submitted by Defendants to Plaintiffs and other insurers; (b) Defendants' protocols and procedures for treating patients and submitting claims to insurers; (c) Defendants' employees and independent contractors, and their role in the alleged scheme; (d) communications between and among Defendants and other relevant individuals and entities, possibly including PI attorneys, related to the allegations in the Complaint; (e) the corporate structure of Complete Pain and MRI Holdco, as well as the true ownership, control, and financial gain to all Defendants; (f) contractual, financial, or other business relationships among Defendants, referral services, other medical providers, and/or law firms; (g) Defendants' financial gains from the alleged scheme and payments among themselves and to other parties involved in the alleged scheme, as evidenced in bank records, general ledgers, tax returns, and other financial documents; (h) communications and disciplinary proceedings involving Defendants with any local, state, or federal agency. State Farm also intends to conduct discovery regarding any defenses or counterclaims asserted by Defendants.

    - Complete Pain intends to seek discovery regarding the alleged fraud scheme and the allegations that form the basis of this lawsuit, including but not limited to: (a) communications regarding each claim settled; (b) communications with attorneys regarding the claims at issue; (c) documents related to the evaluation of the claims at issue; (d) documents related to the settlement of relevant claims; (e) all medical files related to settled claims; (f) documents related to other similar claims; (g) documents regarding claims and defenses by State Farm and other defendants in this and similar lawsuit; (h) State Farm's claimed injury; (i) documents regarding payments on claims by State Farm in similar underlying actions; (j) documents in response or related to categories identified by other parties.

3

- In addition to the information sought by Complete Pain, MMRI Holdco intends to seek discovery regarding the basis of Plaintiffs' data compilations attached to the Complaint, all claims handling policies and procedures, and any policies and procedures to address Texas Civil Practice and Remedies Code Chapter 18 Affidavits and Counter-Affidavits.

- Dr. Sparrow intends to seek discovery regarding the facts supporting State Farm's causes of action and other allegations of wrongdoing asserted against her.

- Dr. Chin intends to seek discovery regarding the alleged fraud scheme and the allegations that form the basis of this lawsuit, including but not limited to: (a) all billing records Plaintiffs contend evidence a conspiracy and/or any type of fraudulent behavior; (b) all medical records Plaintiffs contend evidence a conspiracy and/or any type of fraudulent behavior; (c) all agreements, both informal and formal, which Plaintiffs contend evidence a conspiracy and/or any type of fraudulent behavior; (d) any witness statements or similar type of communications Plaintiffs contend evidence a conspiracy and/or any type of fraudulent behavior; and (e) the identity of all persons Plaintiffs contend support a conspiracy and/or any type of fraudulent behavior.

The Parties' believe fact discovery can be completed within 16 months from the scheduling conference, on or before May 14, 2022.

The Plaintiffs do not believe discovery should be conducted in phases or be limited to or focused on particular issues. It is Plaintiffs' position that Texas Civil Practice & Remedies Code Chapter 74 (the "Texas Medical Liability Act") is irrelevant to the claims at issue, as they are not "health care liability claims" within the meaning of the statute. *See, e.g.*, *Shanti v. Allstate Ins. Co.*, 356 S.W.3d 705 (Tex. App. Nov 3, 2011). Furthermore, any state procedural requirements are inapplicable in this federal lawsuit, which is appropriately governed by the Federal Rules of Civil Procedure. Therefore, contrary to Defendants' position (below), it is Plaintiffs' position that discovery can and should commence immediately.

Defendants assert that the claims are based in medical negligence and that any discovery should be stayed pending Plaintiffs' compliance with Chapter 74 of the Texas Civil Practice and Remedies Code. In an effort to keep this matter moving forward, the Defendants are willing to participate in preliminary discovery and exchange of information prior to reports being provided, but do not believe they should be required to produce any witnesses for depositions until the reports have been produced.

The Parties conferred over the production of electronically stored information ("ESI") and do not currently foresee any issues with regard to producing ESI.

4

The Parties agree a protective order should be entered to, at a minimum, protect the personal health information ("PHI") of the patients at issue in this lawsuit as well as govern the handling of privileged information. The Parties will confer over the contents of the protective order and intend to present an agreed order to the Court for entry in short order.

The only changes the Parties currently propose to the limitations on discovery in the Federal Rules and Local Rules relate to the number of depositions. Plaintiffs propose that, due to the size and complexity of the lawsuit, each side initially be permitted 20 depositions of fact witnesses (*i.e.*, 20 depositions total for Plaintiffs and 20 depositions total for Defendants). Should any Defendant feel the need to conduct additional depositions (as they contend below), Plaintiffs propose they seek leave of Court to the extent they have taken all 20 combined depositions allotted in Plaintiffs' proposal. Permitting 30 depositions for each of the four Defendants (*i.e.*, 120 depositions total) from the outset would place a significant burden on the Parties and potential witnesses.

Defendants do not believe they should be collectively limited to depositions as a side given the different nature of the Defendants and the claims asserted against them. Plaintiffs' claims are premised on the handling of hundreds of individual underlying lawsuits, claim files, and settlement negotiations, to which Defendants were not participants and about which Defendants have no knowledge. Limiting Defendants ability to depose the claim representatives for the underlying claims, underlying claimants, their attorneys, and underlying handling attorneys for Plaintiffs' insureds would prejudice Defendants' ability to analyze each claim. Defendants believe that they will require at least 30 oral depositions each.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate serving interrogatories to all Defendants possibly in advance of the initial scheduling conference, and at the latest within 90 days of the initial scheduling conference.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving interrogatories to Plaintiffs as permitted, and within 90 days of the initial scheduling conference or before the close of the discovery period.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral depositions of all named defendants, employees of Complete Pain, referral sources for Complete Pain (including personal injury attorneys), Complete Pain patients, and any experts designated by Defendants. Plaintiffs anticipate beginning to conduct depositions within 4-5 months of the initial scheduling conference.

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking oral depositions of State Farm claim handlers, a State Farm employee designated to discuss claim handling procedures, the creator custodian or author of any database prepared by or for Plaintiffs as the basis of their claims, the corporate representative(s) of State Farm, personal injury attorneys, any defense counsel of underlying claims, Complete Pain patients, and any experts designated by Plaintiffs.  Defendants anticipate beginning to conduct depositions within 4-5 months of the initial scheduling conference

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs propose that, due to the complexity of the medical allegations at issue, their designation of experts and disclosure of expert reports occur one month after the close of fact discovery and that Defendants' designation of experts and disclosure of expert reports occur one month thereafter.  The basis for Plaintiffs' proposal is that fact discovery will provide the opportunity to narrow issues for expert review.

Defendants propose that Plaintiffs' designation of experts and disclosure of expert reports occur two to three months before the close of fact discovery and that Defendants' designation of experts and disclosure of expert reports occur one month thereafter.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiffs propose conducting depositions of Defendants' experts within six weeks of the Defendants' disclosure of expert reports.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants propose conducting depositions of Plaintiffs' experts within six weeks of the Plaintiffs' disclosure of expert reports.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

As discussed above, the Parties disagree on the timing of expert discovery, and on whether discovery can commence at this time.  It is Plaintiffs' position that discovery can commence immediately.  As stated above, Plaintiffs maintain that the Texas Medical Liability Act is irrelevant to the claims at issue, as they are not "health care liability claims."  *See, e.g.*, *Shanti v. Allstate Ins. Co.*, 356 S.W.3d 705 (Tex. App. Nov 3, 2011).

Furthermore, any state procedural requirements are inapplicable in this federal lawsuit, which is appropriately governed by the Federal Rules of Civil Procedure.

As stated above, Defendants maintain that the basis of Plaintiffs' claims are founded in medical negligence and therefore must meet notice, authorization, and expert report requirements of Chapter 74 of the Texas Civil Practice and Remedies Code before any discovery is permitted. In a good faith effort to keep the case moving, Defendants are willing to participate in initial disclosures and written discovery, but not produce any witnesses for deposition until all pre-requisites have been met by Plaintiffs.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

12. **State the date the planned discovery can reasonably be completed.**

    The Parties' position is that fact discovery can be completed with 16 months from the scheduling conference, on or before May 14, 2022.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties are open to discussion regarding settlement, but are all of the opinion settlement is unlikely before some discovery is conducted.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties are open to engaging in settlement discussions after conducting discovery. No resolution is imminent.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The Parties are open to mediation at an appropriate time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiffs do not consent to trial before a magistrate judge.

    Defendants do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs have made a timely jury demand.

7

18. **Specify the number of hours it will take to present the evidence in this case.**

    The Parties anticipate it will take approximately 80-120 hours to present the evidence in this case at trial.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this moment.  However, in the event some Parties begin serving discovery, it may be necessary for some Defendants to brief the appropriateness of discovery until Chapter 74 of the Texas Civil Practice and Remedies Code has been complied with.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    No other issues.

**22.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Ross O. Silverman (IL Bar No. 6226560)
Jared T. Heck (IL Bar No. 6289711)
Anne Raven (IL Bar No. 6309969)
Britt R. DeVaney (IL Bar No. 6329603)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
ross.silverman@katten.com
jared.heck@katten.com
anne.raven@katten.com
britt.devaney@katten.com

Maxwell Micah Kessler
Tex. Bar No. 00796878
S.D. Tex. No. 21206
Nistico, Crouch & Kessler, P.C.
1900 West Loop South Ste 800
Houston, TX 77027
713-781-2889
mkessler@nck-law.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas*

Blake A. Bailey
Texas State Bar No. 01514700
Phelps Dunbar, LLP
115 Grand Avenue, Suite 222
Southlake, Texas 76092
Telephone – (817) 305-0332
Facsimile – (817) 488-3214
Email: blake.bailey@phelps.com
*Attorney for Defendant Complete Pain Solutions LLC*

Forrest J. Wynn
Texas Bar No. 2407750
Federal ID 34067
fwynn@hdwlegal.com
Bryon A. Rice
Texas Bar No. 2406597
Federal ID 1118643

9

brice@hdwlegal.com
Hick Davis Wynn PC
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Telephone: 713-589-2240
Facsimile: 713-277-7220
*ATTORNEYS FOR DEFENDANT*
*MMRI HOLDCO LLC N/K/A MRI HOLDCO ROLLOVER, INC*

Brian Flood: TBN 00790695, SBN 1645604
Jameson J. Watts: TBN 24079552, SBN 1314527
Lauren E. Hayes: TBN 24081961, SBN 2284655
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (phone)
(512) 479-1101 (fax)
*Counsel for Defendant Alj Sparrow, M.D.*

Michael W Blaise
Bar No. 02422700
2900 North Loop West
Suite 500
Houston, Texas 77092
713 868 5560
Mwb@lorancethompson.com
*Counsel for Defendant See Loong Chin, M.D.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020 I electronically filed the foregoing Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure using the CM/ECF system which will send notification to all counsel of record.

        By:    */s/ Anne Raven*
               Anne Raven (admitted *pro hac vice*)
               Katten Muchin Rosenman LLP
               525 West Monroe Street
               Chicago, IL  60661-3693
               P:  (312) 902-5200
               F:  (312) 577-8989
               anne.raven@katten.com